**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000131
30-MAR-2012
08:43 AM**

NO. CAAP-11-0000131

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
RAYMOND P. TASANI, aka RAYMOND P. TASINI, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 08-1-0284(3))

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Raymond P. Tasini, also known as Raymond P. Tasani, (Tasini)[1] appeals from the Judgment Conviction and Sentence (Judgment) filed on February 10, 2011, in the Circuit Court of the Second Circuit (circuit court).[2] After a jury trial, Tasini was convicted of Assault in the Second Degree (Assault 2), in violation of Hawaii Revised Statutes (HRS) § 707-711 (Supp. 2006).[3]

---

[1] At trial, the defendant testified that his last name is "Tasini."

[2] The Honorable Joseph E. Cardoza presided.

[3] HRS § 707-711 provides in relevant part:

§707-711 **Assault in the second degree.** (1) A person commits the offense of assault in the second degree if:
(a) The person intentionally or knowingly causes substantial bodily injury to another; [or]

(continued...)

On appeal, Tasini raises one point of error, that the deputy prosecutor committed prosecutorial misconduct by misstating the law in the rebuttal portion of his closing argument.  In his rebuttal closing argument, the deputy prosecutor remarked that for Assault 2 "you need a laceration or a puncture of the skin," whereas the definition of "substantial bodily injury" requires, *inter alia*, a  "major" laceration or a penetration of the skin, pursuant to HRS § 707-700 (Supp. 2006).[4]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Tasini's point of error as follows:

In his rebuttal closing argument, the deputy prosecutor mis-characterized the injury involved in an Assault 2 by omitting the term "major" from the phrase "major . . . laceration or penetration of the skin."  See HRS § 707-700.  The defense did not object at trial and we conclude that the omission was not plain error.  In determining whether the alleged misconduct constituted plain error that affected Tasini's substantial rights, we consider "the nature of the alleged misconduct, the promptness or lack of a curative instruction, and the strength or weakness of the evidence against the defendant."  State v. Iuli, 101 Hawai'i 196, 208, 65 P.3d 143, 155 (2003).

---

[3](...continued)
  (b)  The person recklessly causes serious or substantial bodily injury to another person[.]

[4] HRS § 707-700 provides in relevant part:

"Substantial bodily injury" means bodily injury which causes:
  (1)  A major avulsion, laceration, or penetration of the skin;
  (2)  A burn of at least second degree severity;
  (3)  A bone fracture;
  (4)  A serious concussion; or
  (5)  A tearing, rupture, or corrosive damage to the esophagus, viscera, or other internal organs.

First, in the context of the prosecution's closing argument, the nature of the alleged misconduct was not egregious where the deputy prosecutor only once, briefly and indirectly, referred to the injury for an Assault 2 in the larger context of seeking to explain included offenses. Second, although the circuit court did not *sua sponte* provide a curative instruction, the court provided the jury with the proper definition of "substantial bodily injury" in its jury instructions and also instructed the jury that "[t]he court will instruct you now concerning the law which you must follow in arriving at your verdict." See State v. Haanio, 94 Hawai'i 405, 415, 16 P.3d 246, 256 (2001) (stating that the jury is presumed to follow the court's instructions); State v. Kupihea, 80 Hawai'i 307, 317-18, 909 P.2d 1122, 1132-33 (1996). Finally, strong evidence existed that the complainant suffered a major laceration or penetration of the skin. See State v. Webster, 94 Hawai'i 241, 245-46, 11 P.3d 466, 470-71 (2000) (interpreting "major avulsion, laceration, or penetration of the skin").

Therefore,

IT IS HEREBY ORDERED that the Judgment Conviction and Sentence, filed on February 10, 2011, in the Circuit Court of the Second Circuit is affirmed.

DATED: Honolulu, Hawai'i, March 30, 2012.

On the briefs:

Benjamin E. Lowenthal
for Appellant

Peter A. Hanano
Deputy Prosecuting Attorney
County of Maui
for Appellee

Presiding Judge

Associate Judge

Associate Judge

3